## COUNTY OF SAGADAHOC.

i 38 193
d99 431

### REED *versus* NEVINS & al.

The obligee in a bond, after he has assigned the same, can maintain no action upon it, without the consent or request of the party in interest.

After an assignment has been made of [such bond, it cannot be revoked by the assignor without the consent of the assignee.

ON REPORT from *Nisi Prius*, SHEPLEY, C. J., presiding. DEBT on a poor debtor's bond, dated Nov. 12, 1849.

At the District Court in Feb. 1848, the plaintiff recovered judgment against the defendant, Nevins, for $4068,44, and costs. On the execution issued on this judgment the bond in suit was given.

On the back of the bond, in consideration of $4000, was an assignment bearing date of Nov. 1, 1850, under the hand and seal of the plaintiff, transferring all his interest therein, and in the judgment, to one Timothy Batchelder.

Across said assignment was the following:— "I hereby revoke this assignment never having received any consideration for it, and it never having been delivered to Timothy Batchelder.                    "Sam'l D. Reed."

There was evidence, that the plaintiff made a disclosure on a poor debtor's bond in January, 1849, and in relation to this judgment against Nevins, said that not near the amount of it was due, and that he offered to assign it to the creditor, but it was refused because he stated there was not much due on it, and because the debtors were not responsible.

Evidence was also produced, that Reed, the plaintiff, made another disclosure, as a poor debtor, on Dec. 5, 1850, and he then stated that the execution and judgment against Nevins had been assigned to Timothy Batchelder the last month; that nothing had been paid to him on the judgment;

that $150 of it had been paid to H. Tallman; that he had forgotten what was the consideration of the assignment; that Batchelder had a note against him, but did not know what he owed him; that he probably owed him on account; that there was no agreement with Batchelder to account to him for any thing he received more than sufficient to pay what he owed him.

The cause was taken from the jury and submitted to the full Court, with authority for them to enter such judgment as the rights of the parties might require.

*Randall & Booker*, with whom was *Tallman*, for defendants.

*Merrill*, for plaintiff.

SHEPLEY, C. J. — A party plaintiff, who has no interest in the subject matter, upon which a suit is founded, cannot maintain that suit, unless it be prosecuted at the request or by the consent of the person beneficially interested. *Bradford* v. *Bucknam*, 3 Fairf. 15; *Brag* v. *Greenleaf*, 14 Maine, 395; *Ballard* v. *Greenbush*, 24 Maine, 336; *Foster* v. *Dow*, 29 Maine, 442.

A judgment was recovered by the plaintiff against Nevins, who appears to have been arrested by virtue of an execution issued on that judgment, and to have executed the bond, upon which this action has been commenced, with the other defendant as his surety, to obtain his discharge from that arrest. The bond bears date on November 12, 1849. The plaintiff, on November 1, 1850, made upon the back of that bond an absolute assignment under his hand and seal of all his right, title and interest in it, and in the judgment, and to all money due by virtue of it to Timothy Batchelder. Its execution must have been proved or admitted before it could have been received as evidence and made a part of the case. The plaintiff, for the purpose of proving that he had no title to or interest in that judgment, declared on oath that " the execution and judgment above named had been assigned to Timothy Batchelder," and " that there was

no agreement with Batchelder to account to him for any thing he received more than sufficient to pay what he owed him." To deny that the assignment was made perfect by delivery or acceptance by Batchelder, would amount to an accusation that the plaintiff was guilty of swearing falsely. The plaintiff could not revoke or annul that assignment, by writing a revocation across it, without the consent of his assignee. Such consent is not only not proved; it is negatived by the language used to revoke the assignment. The plaintiff by that language alleges, that the assignment was not delivered, contrary to what must have been proved or admitted; and that he had received no consideration for it, contrary to his written admission contained in the assignment, that he had. There is now no proof offered, that the assignment was not delivered, or that a valuable consideration was not paid. This suit cannot be maintained without proof that it is prosecuted at the request, or by the consent of the assignee. There is no such proof. Any presumption of the kind is negatived by the attempted revocation. If the plaintiff could maintain this suit, recover a judgment and collect it, he could effectually deprive his assignee of all benefit to be derived from the assignment, and thus accomplish his attempted purpose to revoke it. *Plaintiff nonsuit.*

TENNEY, RICE, APPLETON and CUTTING, J. J., concurred.